UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* ANDREW SCOLLICK | § | |
| | § | |
| PLAINTIFF-RELATOR, | § | |
| | § | |
| v. | § | CASE NO. 1:14-CV-01339 (RCL) |
| | § | |
| VIJAY NARULA, *et al.* | § | |
| | § | |
| DEFENDANTS. | § | |

**Memorandum Opinion**

On October 13, 2017, the attorney for some of the defendants in this case moved to withdraw. That action and subsequent delay have resulted in numerous procedural hang-ups that prevent this case from moving forward. This opinion works through those issues, including the attorney's motions to withdraw, various motions for extensions of time, and several motions for entry of default.

### The Motions to Withdraw—ECF Nos. 197 and 216

Three of the defendants in this case—Neil Parakh; Shobha Mehta; and CB Construction Group, Inc.—have until now been represented in this litigation by Juan Estevez. On October 13, 2017, Mr. Estevez notified the Court that he discovered a conflict of interest and moved to withdraw his appearance in this case. ECF No. 197 at 1. Under the applicable Rules of Professional Conduct, this conflict of interest required him to cease representing the above-named defendants. (*See* D.C. R. PROF'L CONDUCT 1.7; VA. R. PROF'L CONDUCT 1.7).

Unfortunately, the day that Mr. Estevez notified the Court of this conflict was the very day on which his clients' responsive filings to the complaint against them were due. And Mr. Estevez did not notify the Court of any substitute counsel who would appear on his clients' behalf.

1

Unwilling to leave the clients in such a position, the Court did not grant the motion to withdraw at that time.

Several months later, the various plaintiffs in this case began moving for default against Mr. Estevez's clients as alternate representation arrangements still had not been made and no responsive filings had been filed. At that point, Mr. Estevez filed another, emergency motion for leave to withdraw from the case, in which he again insisted that he could not ethically represent his clients. ECF No. 216.

Several more months have passed in which Mr. Estevez has not filed anything on his clients' behalf, despite the Court never having granted his request for leave to withdraw. But his clients have indicated that they understand that Mr. Estevez will no longer represent their interests. They have all since, acting *pro se*, filed for additional time in which to respond to the complaint against them. ECF Nos. 223, 224. In those filings, the defendants also indicated that they have actively sought new counsel. All this being the case, then, the Court will grant Mr. Estevez's emergency motion to withdraw his appearance in this case and deny as moot his earlier motion to withdraw.[1]

### The Motions for Extensions of Time to File an Answer—ECF Nos. 217, 223, 224

Pending before the Court are three separate motions by Mr. Estevez's former clients in which they seek additional time in which to seek new counsel and file responsive pleadings. The first of these was filed by Mr. Estevez himself on the same day on which he filed his emergency

---

[1] The Court notes that Mr. Estevez's motions to withdraw do not comply with Local Rule 83.6(c), which governs withdrawal by attorneys when the party is not represented by another attorney. Mr. Estevez's motion is not, as is required by the Rule, "accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case *pro se* or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion." Local Rule 83.6(c). Despite this, the Court will still grant the motion as the parties have plainly received notice of Mr. Estevez's intent and efforts to withdraw and have effectively notified the Court of their attempts to secure new counsel or to otherwise represent themselves *pro se*.

2

motion to withdraw. ECF No. 217. In that motion, the defendants sought an additional 60 days in which "to find independent counsel and file responsive pleadings." ECF No. 217-1 at 2.

Before the end of those 60 days, the defendants, acting *pro se*, filed the second and third motions for extensions of time. Mr. Shobha Mehta filed the second motion. ECF No. 223. In that motion, he informed the Court that he was actively seeking new counsel. He also told the Court that the plaintiff's counsel would not communicate with him because he was still technically represented by Mr. Estevez. And he requested until May 28, 2018, to respond to the complaint against him.

Mr. Neil Parekh, on behalf of himself and on behalf of CB Construction Group, Inc., filed the third motion. ECF No. 224. This motion is very similar to Mr. Mehta's motion. It informed the Court that he and CB Construction Group were actively seeking new counsel. It told the court that the plaintiff's counsel would not communicate with them as they were still technically represented by counsel. And it contained a request that they be given until May 28, 2018, to respond to the complaint against them.

The Court begins with Mr. Mehta's motion. ECF No. 223. Although one of the plaintiffs has moved for entry of default against Mr. Mehta, ECF Nos. 210, 213, the Clerk has not entered default against him. In addition, no new counsel has entered an appearance on Mr. Mehta's behalf, so it would seem that his search for counsel has been unsuccessful. Given his *pro se* status, then, the Court will deal lightly with Mr. Mehta and grant his motion for an extension of time in which to respond to the complaint against him. His proffered deadline of May 28, 2018, has already passed. But in consideration of his *pro se* status, the Court will set a new deadline for Mr. Mehta. Specifically, the Court will give Mr. Mehta until the close of business on July 27, 2018, to file, either *pro se* or through counsel, any response he may have to the complaint against him.

3

The Court now addresses Mr. Parekh's motion. ECF No. 224. The Court will grant his motion as to Mr. Parekh for the same reasons the Court gave for granting Mr. Mehta's motion. As such, Mr. Parekh will have until the close of business on July 27, 2018, to file, either *pro se* or through counsel, any response he may have to the complaint against him. But the Court will deny the motion as to CB Construction Group, Inc. CB Construction Group, Inc., is a corporation. Corporations are not allowed to represent themselves *pro se*. They must be represented by counsel. *See Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear *pro se*. It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it."). That being the case, CB Construction Group, Inc., could not move for an extension of time either on its own or through Mr. Mehta, who is not an attorney. Therefore, CB Construction Group, Inc., will not be granted additional time in which to respond to the complaint against it.

The Court now addresses these defendants' original motion for an extension of time in which to file a response to the complaint against them. ECF No. 217. The Court will deny this motion as moot. It is moot as to Mr. Mehta because his later motion for an additional extension of time will be granted. It is moot as to Mr. Parekh because his later motion for an additional extension of time will be granted. And it is moot as to CB Construction Group, Inc., because the 60 days it sought in which to acquire new counsel have already lapsed with no new counsel appearing.

### The Motions for Entry of Default—ECF Nos. 210, 213, 214, 215

Pending before the Court are four motions for entry of default against various parties. Hudson Insurance Co. has twice moved for entry of default against Mr. Parekh. ECF Nos. 210,

213. Because the Court is giving Mr. Parekh until July 27, 2018, to respond to the complaints against him, these motions for entry of default will be denied.

Mr. Andrew Scollick moves for entry of default against Mr. Mehta. ECF No. 214. Because the Court is giving Mr. Mehta until July 27, 2018, to respond to the complaints against him, this motion for entry of default will be denied.

Finally, Mr. Scollick moves for entry of default against CB Construction Group, Inc. ECF No. 215. The Court will grant this motion. CB Construction group "has failed to plead or otherwise defend" against the claims against it. FED. R. CIV. P. 55(a). Therefore, entry of default is warranted. If CB Construction Group, Inc., wishes to vacate this entry of default, it must appear through counsel and move to vacate the entry of default under Rule 60(b). Any such motion to vacate the entry of default must include "a verified answer presenting a defense sufficient to bar the claim in whole or in part" as required by Local Rule 7(g).

## Conclusion

For the reasons given above, the Court will do the following:

- **Deny as moot** the Motion to Withdraw Appearance. ECF No. 197.

- **Grant** the Emergency Motion to Withdraw Appearance. ECF No. 216.

- **Deny as moot** the Motion for Extension of Time to File Responsive Pleadings to Plaintiff's First Amended Complaint and Hudson's Cross Claim. ECF No. 217.

- **Grant** Mr. Mehta's Motion for Extension of Time to Respond to Complaint. ECF No. 223.
  - Mr. Mehta will have until July 27, 2018, to respond either *pro se* or through counsel.

- **Grant in part and deny in part** Mr. Parekh's and CB Construction Group, Inc.'s, Motion for Extension of Time to Respond to Complaint. ECF No. 224.
  - The Court will **grant** the motion as to Mr. Parekh. He will have until July 27, 2018, to respond either *pro se* or through counsel.
  - The Court will **deny** the motion as to CB Construction Group, Inc.

- **Deny** Hudson Insurance Company's Motion for Entry of Order of Default Against Neil Parekh. ECF No. 210.

- **Deny** Hudson Insurance Company's Motion for Entry of Order of Default Against Neil Parekh. ECF No. 213.

- **Deny** Plaintiff-Relator Andrew Scollick's Motion for Clerk's Entry of Default Against Defendant Shobha N. Mehta, MD. ECF No. 214

- **Grant** Plaintiff-Relator Andrew Scollick's Motion for Clerk Entry of Order of Default Against Defendant CB Construction Group, Inc. ECF No. 215.

SIGNED this ___6th___ day of July, 2018.

*Royce C. Lamberth*
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE