UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ANDREW SCOLLICK, | ) ) ) ) | |
| Plaintiff-Relator, | ) ) | Civ. Action No. 14-CV-01339-RCL |
| vs. | ) ) ) | |
| VIJAY NARULA, *et al.,* | ) ) ) | |
| Defendants. | ) ) | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF-RELATOR'S MOTION TO COMPEL DEFENDANTS NEIL PAREKH AND DR. SHOBHA MEHTA TO PROVIDE RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff-Relator Andrew Scollick, by and through counsel, hereby submits his statement

of points and authorities in support of his Motion to Compel Defendants Neil Parekh (*pro se*) and

Dr. Shobha Mehta (*pro se*) to provide responses to his discovery requests pursuant to Federal

Rule of Civil Procedure 37.  Plaintiff-Relator's supporting exhibits are submitted herewith and

include a copy of his First Set of Interrogatories and Requests for Production of Documents and

copies of the correspondence between Plaintiff-Relator's counsel and Mr. Parekh and Dr. Mehta

attempting to resolve this discovery dispute.

**Procedural and Factual Background**

Plaintiff-Relator has alleged in his Amended Complaint [Dkt. #169] that the defendants

in this action committed multiple violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as

the result of a scheme to fraudulently obtain service-disabled veteran-owned small business,

Section 8(a), and/or HUBzone set-aside government construction contracts.  Amended

Complaint at ¶¶ 209-54.  Specifically, Plaintiff-Relator has alleged that three companies,

Centurion Solutions Group, LLC ("CSG"), Citibuilders Solutions Group, LLC ("Citibuilders"),

and KGCI, Inc. ("KGCI"), obtained these set-aside contracts under various government programs when they if fact did not meet the requirements for obtaining such set-aside contracts. *Id.* The Amended Complaint alleges that Mr. Parekh played a vital role in all three companies, including controlling the operations of CSG and Citibuilders. *Id.* at ¶¶ 11, 15, 33-88, 141-62. Plaintiff-Relator believes Dr. Mehta to be the aunt of Mr. Parekh and the Amended Complaint alleges that she knowingly allowed Mr. Parekh to include fraudulent descriptions of prior construction work done to her medical office on bid proposals submitted to the Government by CSG and Citibuilders. *Id.* at ¶¶ 18, 93-111. Further, the Amended Complaint alleges that Dr. Mehta submitted fraudulent customer surveys regarding this construction work. *Id.* at ¶ 99.

Both Mr. Parekh and Dr. Mehta are currently proceeding *pro se* after the withdrawal of their shared attorney on July 6, 2018 [Dkt. #216]. Since that withdrawal, maintaining communication with both defendants has proven difficult as the addresses on record for both have proven to be incorrect. Attempts to serve documents in this case by mail to those addresses have proven fruitless as they are consistently returned as undeliverable. *See, e.g.*, Mehta Undeliverable [ECF #239]; Parekh Undeliverable [ECF #243].

On January 22nd, 2019, Plaintiff-Relator served his First Set of Interrogatories and Requests for Production of Documents on Mr. Parekh and Dr. Mehta via First Class Mail. *See* Plaintiff-Relator's First Set of Interrogatories and Requests for Production of Documents, attached hereto as Exhibit 1; *Kruger v. Cogen Commc'ns, Inc.*, No. 1:14-cv-1744, 2016 WL 11121058, at *3 (D.D.C. Oct. 24, 2016) (stating that service of discovery papers is complete upon mailing the papers to the "person's last known address"). The discovery requests sent to Mr. Parekh's court-listed address were returned as undeliverable and the requests sent to Dr. Mehta, at what was believed to be her current work address, were not returned. Shortly thereafter, counsel for Plaintiff-Realtor was able to establish contact with Mr. Parekh by phone

and through email.   At that time, the discovery requests were delivered to Mr. Parekh via email

on January 30, 2019.  *See* Email from Plaintiff-Relator Counsel to Parekh (Jan. 30, 2019),

attached hereto as Exhibit 2.  Mr. Parekh also provided his current address at that time and

Plaintiff-Relator's counsel advised Mr. Parekh of his duty to update his address with the court

per Local Rule 5.1(c).  *Id.*

Mr. Parekh contacted Plaintiff-Relator's counsel on February 25, 2019, requesting a 15-

day extension for the time to respond to the discovery requests for both himself and Dr. Mehta,

to which Plaintiff-Relator's counsel believes he orally consented to.  With that deadline

approaching, Plaintiff-Relator's counsel sent a letter by email to Mr. Parekh and mail to Dr.

Mehta which emphasized their obligations imposed by the Federal Rules of Civil Procedure to

timely respond to Plaintiff-Relator's discovery requests and explained that failure to do so would

necessitate a motion to compel filing by Plaintiff-Relator.  Letters to Mr. Parekh and Dr. Mehta

(Mar. 8, 2019), attached hereto as Exhibit 3.  Mr. Parekh responded to this letter by requesting

another extension of time, but due to the rapidly approaching close of discovery and Plaintiff-

Relator's need to have the responses from both Mr. Parekh and Dr. Mehta to properly prepare for

depositions in this case which were to begin shortly, that request was denied.  Email Chain and

Letter (Mar. 18, 2019), attached hereto as Exhibit 4.  At that point, Mr. Parekh was once again

instructed to provide his responses immediately or a motion to compel would be filed by

Plaintiff-Relator.  *Id.*

Dr. Mehta has made no attempts to contact Plaintiff-Relator's counsel and all attempts by

Plaintiff-Relator's counsel to meet and confer with her to resolve this discovery dispute have

been met with silence.  *See* Exhibits 1, 3.  Mr. Parekh provided an updated address for Dr. Mehta

to counsel for Plaintiff-Relator and the United States on March 18, 2019, which Plaintiff-Relator

is now using for service for Dr. Mehta.  *See* Email Chain (Mar. 18-21, 2019), attached hereto as

Exhibit 5.

Plaintiff-Relator's discovery requests seek basic information about the witnesses,

evidence in control of the Defendants that is relevant to the case, and information about both

Defendants' knowledge and role in the alleged schemes to defraud the United States Government

through the fraudulent acquisition of set-aside government construction contracts.  Mr. Parekh

and Dr. Mehta have not made any attempts to object to or oppose these requests, but rather have

simply failed to respond in any manner.

**ARGUMENT**

## I.     LEGAL STANDARDS

As made clear by the Federal Rules of Civil Procedure, Plaintiff-Relator Scollick is

entitled to "discovery regarding any nonprivileged matter that is relevant to [his] claim," with the

term "relevant" being widely construed.  Fed R. Civ. P. 26(b)(1); *Food Lion, Inc. v. United Food*

*& Comm. Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997).  This includes both

answers to written interrogatories under Rule 33 and production of documents under Rule 34.

Pursuant to Rule 37, a party seeking discovery "may move for any order compelling an answer"

when "a party fails to answer an interrogatory submitted under Rule 33" and an order compelling

production when "a party fails to produce documents."  Fed. R. Civ. P. 37; *U.S. Sec. & Exch.*

*Comm'n v. e-Smart Techs., Inc.*, No. 1:11-cv-895, 2013 WL 12333681, at *1-2 (D.D.C. Oct. 24,

2013).  It is well-established that "[t]rial courts have broad discretion to handle discovery

matters."  *Porter v. Sebelius*, No. 1:11-cv-1546, 2014 WL 12768504, at *2 (D.D.C. Apr. 8, 2014)

(citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  If a party refuses or completely fails to

respond to discovery requests, the burden falls on that party to show "movant's requests is

burdensome, overly broad, vague or outside the scope of discovery."  *United States v. Kellogg*

4

*Brown & Root Servs., Inc.*, 284 F.R.D. 22, 27 (D.D.C. 2012).  While courts will generally allow

some allowances for *pro se* defendants such as Mr. Parekh and Dr. Mehta, their "*pro se* status

does not excuse [their] failure to make a good-faith effort to meet [their] discovery obligations in

a timely manner."  *Shvartser v. Lekser*, 321 F.R.D. 23, 24 (D.D.C. 2017).

II.   **THE COURT SHOULD ORDER NEIL PAREKH TO RESPOND TO PLAINTIFF-RELATOR'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS.**

As outlined throughout the entire Amended Complaint, Mr. Parekh serves a critical

lynchpin in the overall fraud scheme alleged by Plaintiff-Relator and obtaining his discovery

responses is essential to Plaintiff-Relator's ability to properly litigate this case.  Mr. Parekh is

alleged to have been involved in nearly every aspect of the scheme and is believed to be the only

defendant who played a vital role in all three relevant entities, namely CSG, Citibuilders, and

KGCI, securing government set-aside contracts fraudulently.  Amended Complaint at ¶¶ 11, 15,

33-88, 141-62, 199-208.  He is alleged to have controlled both CSG and Citibuilders and, as

such, is believed to have vital information and documents related to their formation, structure,

and operations.  *Id.* at ¶¶ 11, 15, 33-88, 141-62.  Further, it is alleged that Parekh played a role in

KGCI fraudulently obtaining both SDVOSB ad Section 8(a) set-aside contracts.  *Id.* at ¶¶ 199-

208.  Any such information and documents related to CSG, Citibuilders, and KGCI, how they

operated, who controlled them, and how they were able to obtain set-aside contracts would go

directly to the heart of the issues relevant to Plaintiff-Relator's allegations and therefore are

required to be produced by Mr. Parekh under the Federal Rules of Civil Procedure.  *Food Lion,*

*Inc.*, 103 F.3d at 1012.

Plaintiff-Relator's counsel is aware of the difficulties faced by *pro se* defendants in

meeting all of their obligations during litigation and has attempted to accommodate such

difficulties by dealing directly with Mr. Parekh about his obligations and allowing him additional

time to respond to Plaintiff-Relator's discovery requests.  However, with the close of discovery

fast approaching and Mr. Parekh showing no signs he intends to respond to the outstanding

discovery requests, Plaintiff-Relator now believes it crucial to move this Court to compel such

responses.  *Shvartser*, 321 F.R.D. at 24.

The discovery requests were initially served on January 22, 2019, making the 30-day

deadline for timely responses February 25, 2019 after taking into account additional time for

mailed service.  *See* Exhibit 1.  Mr. Parekh was granted by Plaintiff-Relator an extension until

March 10, 2019 to respond to the discovery requests, a deadline he has missed.  *See* Exhibit 3.

Mr. Parekh was then warned on multiple occasions that Plaintiff-Relator would be forced to

move this Court to compel his responses if he did not produce them immediately.  *See* Exhibits

3, 5.

It is now April 1, 2019, a full 69 days after the original requests were served and still Mr.

Parekh has failed to provide any sort of response.  This Court has set the close of discovery for

April 29, 2019.  Currently, counsel for all parties are working to schedule as many as 11

depositions, including Mr. Parekh's, for the upcoming weeks and it is critical that Plaintiff-

Relator receive Mr. Parekh's responses in order to properly prepare for these depositions.  For

these reasons, Plaintiff-Relator respectfully asks this court to order Mr. Parekh to respond to

Plaintiff-Relator's First Set of Interrogatories and Requests for Production of Documents

immediately.

### III.    THE COURT SHOULD ORDER DR. SHOBHA MEHTA TO RESPOND TO PLAINTIFF-RELATOR'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS.

While Dr. Mehta played a smaller role in the alleged fraud scheme than Mr. Parekh, her

discovery responses are also vitally important and relevant to Plaintiff-Relator's case.  Plaintiff-

Relator has alleged that Dr. Mehta, believed to be Mr. Parekh's aunt, aided Mr. Parekh in

obtaining government set-aside contracts for CSG and Citibuilders, by allowing Mr. Parekh to falsely state in submissions to the government that these companies performed construction work on her medical office.  Amended Complaint at ¶¶ 18, 93-111.  In addition to allowing this information to be including in the submission, Plaintiff-Relator has also alleged that Dr. Mehta completed and submitted to the Government customer surveys which fraudulently confirmed that the construction work on her office was completed by CSG and Citibuilders.  *Id.*  Plaintiff-Relator has alleged that no such work was completed and even if some construction work was done for Dr. Mehta's medical office, it did not match the scope and value claimed in the submissions to the government.  *Id.*  If this is proven to be true, Plaintiff-Relator believes such action constitutes violations of the False Claims Act.  *Id.* at 226.  Therefore, any information and documents related to construction work for Dr. Mehta's office done by any of the entities and individuals involved in this case is extremely relevant to Plaintiff-Relator's claims.  *Id.*; *Food Lion, Inc.*, 103 F.3d at 1012.

Unlike, Mr. Parekh, Dr. Mehta has made no attempt to contact Plaintiff-Relator regarding her discovery obligations and as not responded to any communications directed to her by Plaintiff-Relator's counsel.  Plaintiff-Relator intends to depose Dr. Mehta in the coming weeks and urgently needs her discovery responses in order to prepare for that deposition.  It is now 69 days since Plaintiff-Relator has served his initial discovery requests upon Dr. Mehta and she has yet to respond or contact Plaintiff-Relator as to why she has not responded.  For the reasons stated above, Plaintiff-Relator respectfully asks this court to order Mr. Parekh to respond to Plaintiff-Relator's First Set of Interrogatories and Requests for Production of Documents immediately.

## CONCLUSION

For the foregoing reasons, Plaintiff-Relator's Motion to Compel Defendants Neil Parekh and Dr. Shobha Mehta to Provide Responses to Interrogatories and Requests for Production of Documents should be granted.

Respectfully submitted,

*/s/ Michael D. Kohn*
Michael Kohn, DC BAR #425617
David K. Colapinto, DC BAR #416390
Todd Yoder, DC BAR # 1048520

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756
Phone: (202) 342-6980
Fax: (202) 342-6984
*Attorneys for Plaintiff-Relator*

April 1, 2019

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the Plaintiff-Relator's Statement of Points and Authorities and supporting exhibits was served on this 1st day of April 2019, upon all parties that have entered an appearance and counsel for the United States via the Court's ECF system, and by U.S. Mail, postage prepaid, upon the pro se parties listed below:

**Neil Parekh**
1615 North Queen Street
Unit 306
Arlington, VA 22209

**Dr. Shobha Mehta**
8618 Cushman Place
Alexandria, VA 22308

/s/ Michael D. Kohn
Michael D. Kohn, DC BAR #425617

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984

*Attorney for Plaintiff-Relator*