# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* ANDREW SCOLLICK, | ) | |
| | ) | |
| Plaintiff-Relator, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 14-CV-01339-RCL |
| | ) | |
| VIJAY NARULA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF-RELATOR'S FIRST SET OF INTERROGATORIES AND FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS TO EACH OF THE DEFENDANTS**

**To:** Vijay Narula, Ajay K. Madan, Neil Parekh, Amar Gogia, Optimal Solutions and
Technologies, Inc., Melvin G. Goodweather, Centurion Solutions Group, LLC,
Citibuilders Solutions Group, Inc., and Shobha N. Mehta, MD.

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff-Relator Andrew Scollick, by and through

counsel, hereby requests that each of the above-identified Defendants separately respond to the

following requests for interrogatories and requests for production of documents within thirty (30)

days after their service.  The documents should be produced or allowed for inspection and copying

at the law firm of Kohn, Kohn and Colapinto LLP, 3233 P Street, N.W., Washington, D.C., 20007.

**DEFINITIONS**

A.      The terms "Government" or "United States" or "United States Government" means the

United States Government and its agencies, departments, subsidiaries, representatives,

intermediaries, and employees, including, but not limited to, the United States Department of

Veteran's Affairs, the Federal Aviation Administration of the United States, the United States

Department of Justice and the Internal Revenue Service.

B.      The word "person(s)" means all individuals and entities, and includes without limiting the generality of the foregoing, all natural persons, sole proprietorships, partnerships, limited partnerships, associations, companies, corporations, joint ventures, trusts and estates, governments (including all instrumentalities, officers, agents, and subdivisions thereof), funds, and all other business, legal, or artificial entities.

C.      The term "communication" means the transmittal of information by any means whatsoever, whether written, oral, electronic, wire or any other form, including, but not limited to, discussions, e-mails, letters, memoranda, telephone calls, voice-mail messages, text messages, or telegrams.

D.      The terms "document" and "documents" include all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and

manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

E.      The term "relating" (or "relate") shall mean: pertaining, describing, referring, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting, embodying, containing, concerning, identifying, or in any way logically or factually connected with the matter discussed, in whole or in part.

F.      The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa.  The singular form of any noun shall be deemed to include the plural, and vice-versa. Notwithstanding any specifically defined term, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

G.      "SDVOSB" means service-disabled veteran-owned small business.

H.      "Section 8(a)" means Small Business Administration Section 8(a).

I.      "CSG" means Centurion Solutions Group, LLC and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

J.      "CB" means CB Construction Group, LLC and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes

any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

K.      "OST" means Optimal Solutions and Technology, Inc. and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

L.      "Citibuilders" means Citibuilders Solutions Group, LLC and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

M.      "Centennial" means Centennial Surety Associates, Inc. and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

N.      "Hudson" mean Hudson Insurance Company and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

O.      "Hanover" means Hanover Insurance Company and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

P.      "KGCI" means KGCI, Inc. and/or any of its respective parent companies, subsidiaries, branches, divisions, departments, sections, affiliates, or successors.  It also includes any of its present and former officers, employees, directors, management officials, agents, consultants, attorneys, appointees, or representatives.

## INSTRUCTIONS

A.      All responses to this discovery request should be answered on the basis of the Defendants' knowledge or on information and belief, including that of Defendants' representatives, agents and, unless privileged, attorneys.  The responses should indicate when an answer is based upon information and belief.

B.      Unless otherwise specified, if your response in regard to a portion of the time period addressed in any interrogatory differs from your response in regard to another portion of such period, provide a response for each such portion and indicate the period of time to which each response relates.

C.      For every interrogatory that requests you to state the basis of an allegation, contention, assertion, or claim, answer as follows:

1.  Describe, in specific detail of the factual basis for the allegation, contention, assertion, or claim;

2.  Identify every person who has knowledge of facts relating to the allegation, contention, assertion or claim, by providing the person's full name, present or last known address and telephone number, and the present or last known place of employment (Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person);

3.  Identify every communication relating to the allegation, contention, assertion or claim;

4.   Identify every document relating to the allegation, contention, assertion or claim by providing a specific and individual identification of each document or thing, including the type of document or thing and a brief description consisting at least of (i) the type of document or thing; (ii) its general subject matter; (iii) its date; (iv) its author(s), addressee(s) and recipient(s); (v) the present location of each document or thing and each copy thereof; (vi) the name, job title, employer, and address of the custodian of the document or thing; and (vii) if a copy of the document or thing has been previously produced to any party, so state and specifically and individually describe the previously supplied copy by production numbers or otherwise.

D.   When an interrogatory calls for the "description" or "identity" of any "document" you contend to be subject to a privilege against disclosure in response to these interrogatories, provide with respect to each such document or communication the following:

1.   The nature of the document you contend is privileged (e.g., letter, memorandum, chart, picture, report, etc.);

2.   The number of pages comprising the document and a description of any identifying marks or designations (e.g. Bates numbers) if any, on the document;

3.   The date of the document which you contend is privileged;

4.   The name(s) of the author(s) and of any recipient(s) of the document;

5.   The name and address of any person who is not included in your response to subpart (4) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document that you contend to be privileged; and

6.   The nature of the privilege asserted.

E.      If you object to a portion or an aspect of any Interrogatory, state the grounds of your objection with specificity and answer the remainder of the Interrogatory.

F.      If, in answering these interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

G.      If, after exercising due diligence, you cannot answer the following Interrogatories, so state and answer to the extent possible, specifying your inability to answer to the remainder.  State whatever knowledge or information you have regarding the unanswered portion, and identify and describe in detail what you did in attempting to secure the unknown information.  Estimated dates should be given when, but only when, exact dates cannot be supplied.  Any estimates should be identified as such.  The sources and means of derivation of each estimation should be specifically set forth.

H.      The documents and things to be produced should, at the time of production, be organized and labeled to correspond to the enumerated requests below.  In the alternative, they may be produced as they are kept in the ordinary course of business, if it is possible to do so.

I.      Where a request for document production has one or more sub-parts, the production of each subpart should be set forth separately and completely.

J.      In accordance with Fed. R. Civ. P. 34(b)(1)(C), to the extent that copies of any of the requested documents exist as electronically stored information, please provide all such documents.

K.      Unless otherwise specified, the documents requested are documents in your possession, control or custody—including documents in the possession, custody, or control of your attorneys, employees, agents, consultants, or other representatives, regardless of whether such responsive

documents are located on business or personal property—that were prepared, written, sent, dated, received, or in effect at any time prior to the date of your compliance with these discovery requests.

L.      If any portion of any document is responsive to any document request, then the entire document must be produced. If the document contains privileged material, produce the entire document with the privileged material redacted, noting the redaction on the face of the document.

M.      With respect to any document you produce, each original is to be produced and each copy is to be produced if it in any way varies from the original by addition or subtraction or marginalia, notations, text, or other information.  In addition, each and every draft of any responsive document is to be produced.

N.      Deem any reference to a non-natural person to include the legal predecessors of such non-natural person.

O.      If the request for production of documents could, at one time, have been performed by consulting or producing documents that are no longer in existence, the person(s) responding to the attached subpoena must, in responding to the command for production of documents:

     1. Identify what information was maintained in such documents;

     2. Identify all documents that contained such information;

     3. State the time period during which such documents were maintained;

     4. State the circumstances under which such documents ceased to exist;

     5.  Identify all persons having knowledge of the circumstances under which such documents ceased to exist; and

     6. Identify all persons who have knowledge or had knowledge of the documents and their contents.

P.      The word "identify" when used with respect to a person or persons means:

1.  To state the name, address(es), and telephone number(s) of each such person;

2.  To state the name of the present employer, place of employment or

business, and job title of such person; and

3.  If such person was affiliated by employment or otherwise, at any time with or related in

any manner to, any party to this litigation, to state the nature and dates of such affiliation.

Q. The word "identify" when used with respect to a document or documents means to provide the

following information with respect to each such document:

1.  The date appearing on such document; or if it has no date, so state and give the date or

approximate date such document was prepared, produced, created, or came into being;

2.  Any identifying or descriptive code number, file number, title or label of such document;

3.  The general nature or description of such document;

4.  The name of the person(s) who signed, authored, produced or created such document;

5.  The name of the person(s) who prepared such document if different from the name

provided pursuant to subpart (d) of this instruction;

6.  The name of the person(s) to whom such document was addressed and the name of each

such person other than the addressee to whom such document, or copy or reproduction

thereof, was given or sent;

7.  The name of the person or entity having present possession, custody and/or control of

such document;

8.  The present location of such document;

9.   If such document was, but is no longer in your possession or control, state what disposition was made of such document, the reason for such disposition, and the date thereof; and

10.   Whether or not any draft, copy, or reproduction of such document contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, the answer shall give the description and identification of each such draft, copy or reproduction in accordance with the above subparts (1) through (9).

R.      The above information shall be given in sufficient detail to enable any person or party to whom a subpoena or request for production is directed to identify the documents sought to be produced and to enable counsel to determine whether such document, when produced, is in fact the document so described and identified.

S.      All information is to be divulged that is in the possession or control of the Defendants, as well as their attorneys, investigators, agents, employees, or other representatives.

T.      If you object to a request on the grounds that it is too broad, provide such documents that you concede are relevant.  If you object to a request on the grounds that to provide the requested documents would constitute an undue burden, provide such requested documents as can be supplied without undertaking an undue burden.  Should any of the requests seem unclear or vague, please contact counsel for Plaintiff-Relator Scollick for clarification.

U.      If you object to a request due to privilege, please produce a privilege log for any document Defendants does not produce.  This log should include, but not be limited to, the following:

1.  The nature of the document you contend is privileged (e.g., letter, memorandum, chart, picture, report, etc.);

2.  The number of pages comprising the document and a description of any identifying

marks or designations (e.g. Bates numbers) if any, on the document;

3.  The date of the document which you contend is privileged;

4.  The name(s) of the author(s) and of any recipient(s) of the document;

5.  The name and address of any person who is not included in your response to subpart (4)

with respect to such document and who has access to or has seen, read, or heard any portion

of the material in the document that you contend to be privileged; and

6.  The nature of the privilege asserted.

R.      You are under a duty to supplement your answers seasonably with respect to any question

directly addressed to the identity and location of persons having knowledge of discoverable

matters, the identity and location of persons expected to be called as expert witnesses at trial and

the subject matter on which they are expected to testify, and to correct any response that you know

or later learn is not correct.

S.      Each of the following interrogatories is a continuing one. If subsequent to complying with

this request, Defendant obtains, or becomes aware of, any additional responsive information, or

determines that its answer was in any way incomplete or inaccurate, then supplementation is

required pursuant to Fed. R. Civ. P. 26(e)(2).

## **INTERROGATORIES**

**1.**   Identify the name and, if known, the address and telephone number of each and every

individual other than legal counsel known or believed to possess factual information that

tending to support any allegations, legal claims, or defenses you may seek to raise in this

action – together with the subject matter(s) of such information.

11

2.  For each person other than legal counsel that you believe possesses knowledge or information regarding the factual allegations and/or legal claims described in the Amended Complaint [Dkt. #169] filed in this action and the defenses of any Defendant, provide the entire sum and substance of your understanding of the facts about which they have knowledge.

3.  Identify the role you played with respect to preparation, submission or monitoring any of the SDVOSB contract awarded to CSG and/or Citibuilders; and further state the identity and role every other individual you know to have played a role preparing the bids, submission of the bids, and the billing and invoicing activity that occurred following the award of a SDVOSB contract to either CSG or Citibuilders.

4.  Identify (or else provide copies) of any and all documents and communications pertaining to any and all contacts and communications you had with any of the defendants in this case.

5.  Identify all of the SDVOSB contracts awarded by the Government to CSG and Citibuilders and identify the amounts the government caused to be paid to CSG and Citibuilders with respect to any and all of the SDVOSB contracts awarded to CSG and/or Citibuilders.

6.  Describe in detail the procedure and personnel responsible for drafting and submitting each of the SDVOSB contract bid proposals submitted on behalf of CSG and/or Citibuilders, including the tasks each such individual performed, the location where that individual performed such task, and where the proposal was readied for submission, and who physically signed the proposal on behalf of CSG and/or Citibuilders.

7. State why OST and Narula were required to execute written indemnity agreements in order to obtain CSG bonding for the SDVOSB contracting propsoals that were submitted and awarded to CSG.

8. State who actually controlled the finances and day-to-day management of CSG, and any changes thereto from the date CSG was formed until the present.

9. State whether any site inspections or visits by any employee or agent of the bonding defendants occurred at any location occupied by OST, CSG, CB or Citibuilders.  If the answer is yes, identify then names of the representatives or agents of the Bonding Defendants participating in the visit.  all Centennial, Hanover, or Hudson employees or agents who conducted any form of due diligence or underwriting activity concerning the bonding provided to CSG or Citibuilders. With respect to any involvement you had with the due diligence activity of a bonding defendant, thereto, provide the date of

10. State your full and complete understanding as to why CSG's bonding was dependent on obtaining a written indemnity agreement from OST and/or Narula.

11. Identify who prepared each and every CSG, CB, and/or Citibuilders tax return for tax years 2010 through present (including the identity any accountant who assisted with the preparation), and identify who signed those returns and which, if any, of the defendants to this matter received a copy of any such tax returns in or about the time they were filed.

12. Identify every Section 8(a) contract awarded to KGCI after KGCI entered into a teaming agreement with OST, and with respect thereto state the amount paid under that contract.

13. With respect to each and every CSG SDVOSB bid proposal submitted to the government, identify the person(s) who drafted and/or editis that proposal, and who was responsible

for verifying the statements that appeared in each the proposal that discuss past performance.

14. State the role and any actual involvement Bryan van Gilder played with regard to the preparation, review or drafting of any SDVOSB bid proposal, and in particular with the Halls & Walls bid proposal, (VAMC Baltimore), Solicitation No. VA-245-10-RP-0076 (referred to in the Amended Complaint as the "Halls &Walls Solicitation Response").

15. State whether Vijay Narula provided, authorized or in any way caused to be submitted past performance surveys as to any SDVOSB contractual action undertaken by CSG or Citibuilders.  If the answer is yes, state your understanding of the role played and actions Vijay Narula took with respect to each such past performance survey, including whether he ever signed, faxed, saw or knew that such past performance surveys were being submitted on his or OST's behalf.

16. State whether Shobha N. Mehta, MD filled out, authorized the submission, or in any way caused to be submitted past performance questionnaires or surveys as to any SDVOSB contractual action undertaken by CSG and/or Citibuilders.  If the answer is yes, provide a full and complete summary of Dr. Mehta's actual knowledge of each such past performance questionnaire or survey that was submitted to the government and whether she ever signed, faxed, saw or knew that one or more past performance questionnaire were knowingly submitted on her behalf or in her name).

17. State whether  Dr. Mehta or any of the other persons who completed or were asked to complete a past performance questionnaire were compensated in any way for agreeing doing so.  If the answer is yes, state whether Dr. Mehta or other individual received compensation in any form for agreeing or actually doing so.

18. State who physically transmitted each of the Metha, Narula, CVENT and FBR Industries performance questionaires to the government and the manner and method of that transmission (e.g., if they were faxed, so state and provide the location of the transmitting fax machine).

19. With respect to the CSG and/or Citibuilders SDVOSB bid proposals transmitted to the government, state whether the specific examples of the Mehta, CVENT and FBR Industries past performance differ in the stated amount of the contract action, and if so, identify the different amounts that were submitted to the government and provide a full explaination of why the monetary valuation was altered, who was responsive for calculating the altered valuation, whether the past performance was actually carried out by CSG and/or Citibuilders, the true amount of the actual contracted work (if any), and who was responsible for verifying and/or including the different past performance amounts that actually appearin the bid proposals submitted to the government.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents that directly relate to the allegations found in the Amended Complaint [Dkt. #169] or any defense asserted thereto.

2. Produce documents that were reviewed, relied upon or otherwise known to relate to the substance of the interrogatories set forth in Relator's first set of interrogatories to Vijay Narula, Ajay K. Madan, Neil Parekh, Amar Gogia, Optimal Solutions and Technologies, Inc., Melvin G. Goodweather, Centurion Solutions Group, LLC, Citibuilders Solutions Group, Inc., and Shobha N. Mehta, MD.

**3.** Produce all transcribed, recorded, or written statements by any person or witnesses who have knowledge of, who claim to have knowledge of, or whom you believe to have knowledge of facts material or relevant to this case.

**4.** Produce any and all documents, electronically stored information, and tangible things that is within your possession, custody, or control that may be used to support your defenses in this action or are otherwise referenced or responsive to your initial disclosures.

**5.** Produce the underlying contract(s) that were relied upon to allegedly establish the Mehta, CVENT and FBR Industries past performance claims as set forth in the all of the SDVOSB proposal submitted to the government by CSG and/or Citibuilders.

**6.** Produce any and all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse payments made to satisfy the judgment.

**7.** Produce documents that address the awarding of any SDVOSB contract by the Government to CSG or Citibuilders.

**8.** Produce all written or electronic communications you had with any and all of the defendants with respect to CSG's and/or Citibuilders' tax filings, bonding, banking, SDVOSB registrations (including the VIP data base, VIP record, CCR and ORCA), or the release or distribution of CSG funds and/or profits.

**9.** Produce any document you or your employee or agent obtained from or provided to the Bonding Defendants.

**10.** Produce any and all documents and communications related to the negotiation and drafting of potential or finalized bonding agreements between Centennial, Hanover, or Hudson and CSG, Citibuilders, or OST.

11. Produce any and all documents in your control or possession that relate to the registration for SDVOSB status with the Government by CSG and/or Citibuilders.

12. Produce any and all documents and communications related to the continued compliance for SDVOSB status with the Government by CSG and/or Citibuilders.

13. Produce any and all documents and communications related to any teaming arrangement between OST and any of the defendants.

14. Produce any and all documents and communications regarding any bid protests filed against any bond issued to CSG, Citibuilders or KCGI.

15. Produce any and all documents and communications related to the registration for 8(a) status with the Government by OST.

16. Produce any and all documents and communications related to the continued compliance for 8(a) status with the Government by OST.

17. Produce any and all documents and communications related to inadequate, poor job performance by CSG or Citibuilders on any SDVOSB projects.

18. Produce any and all documents and communications related to the past performance surveys and statements submitted by or on behalf of CSG or Citibuilders in SDVOSB contracting action.

19. Produce every CSG and/or Citibuilders bank statement in your control or possession.

20. Produce CSG, Citibuilders and/or CB employment and payroll records.

21. Produce any documents pertaining to registering and/or maintaining CSG and/or Citibuilders as a SDVOSB entity in any government data base or with respect to a program requirement.

22. Produce documents and communications to or from CB that related to CSG or Citibuilders.

23. Produce documents and communications related to proposals for SDVOSB contracts drafted and/or submitted by CSG or Citibuilders to the Government.

24. Produce any and all documents and communications related to the awarding of any SDVOSB contract by the Government to CSG or Citibuilders.

25. Produce any and all documents or communications related to the formation of CSG and/or Citibuilders.

26. Produce any and all documents or communications related to OST's involvement with any KCGI 8(a) contracts.

27. Produce documents and communications between OST, Vijay Narula, or Ajay Madan that pertain to CSG or Parekh.

28. Produce documents and communications between Parekh and Gogia related to CSG.

29. Produce any and all documents pertaining to bonding provided by Centennial, Hanover, or Hudson and CSG, Citibuilders or OST.

30. Produce documents and communications related to the negotiation, drafting and ultimate finalization of any bonding agreements entered into by Centennial, Hanover, or Hudson and CSG, Citibuilders or OST.

31. Produce any and all documents related to the registration for SDVOSB status with the Government by GSG or Citibuilders.

32. Produce any and all documents and communications related to the continued compliance for SDVOSB status with the Government by CSG or Citibuilders.

**33.** Produce any and all documents and communications related to any teaming arrangement between OST and KGCI.

**34.** Produce all documents and communications regarding any bid protests filed against CSG or Citibuilders on an SDVOSB contract.

**35.** Produce documents and communications related to the registration for 8(a) status with the Government by OST.

**36.** Produce documents and communications related to the termination or continued compliance of OST's 8(a) status with the Government.

**37.** Produce documents and communications related to poor job performance by CSG or Citibuilders on any SDVOSB projects.

**38.** Produce any and all documents and communications related to the past performance submitted by CSG or Citibuilders in their proposals for any SDVOSB contracts.

**39.** Produce any and all bank statements and records of CSG or Citibuilders.

**40.** Produce any and all bank statements and records of CB that are related to CSG or Citibuilders.

**41.** Produce all Citibuilders  and CSG employment records and files.

**42.** Produce any and all lease agreements or physical space usage agreements that were negotiated or agreed to among and between OST, CSG, CB Citibuilders, Parekh and Narula.

**43.** Produce any work-related agreements, mentor-protégé agreements as well as all other agreements as to the operation, functioning, sharing of profits, sharing of financial information, obtaining bonding, use of office space, or sharing of employees that arose between 2010 and present.

Respectfully submitted,

/s/ Michael D. Kohn
Michael D. Kohn, DC BAR #425617
David K. Colapinto, DC BAR #416390

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984

*Attorneys for Plaintiff-Relator*

DATE:  January 22, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing First Set of Interrogatories

and First Request for Production of Documents by Plaintiff-Relator Andrew Scollick was served

on this 22nd day of January 2019 on the following counsel, and pro se parties, via First Class

Mail:

**Robert G. Barbour**
rbarbour@watttieder.com
**Hanna Lee Blake**
hblake@watttieder.com
**Rebecca S. Glos**
rglos@watttieder.com

Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place
Suite 1000
McLean, VA 22102
(703) 749-1000

*Attorneys for Defendant Hanover Insurance Company*

**Marc Andrew Campsen**
mcampsen@wcslaw.com
**Cynthia E. Rodgers-Waire**
crodgers-waire@wcslaw.com
**Gerard P. Sunderland**
gsunderland@wcslaw.com

Wright, Constable & Skeen, LLP
7 Saint Paul Street
18th Floor
Baltimore, MD 21202
(410) 659-1343

*Attorneys for Defendant Hudson Insurance Company*

**Aaron L. Handleman**
handleman@ewdc.com
**Laura M.K. Hassler**
hassler@ewdc.com

Eccleston & Wolf, P.C.
1629 K Street, NW
Washington, DC 20006
(202) 857-1696

*Attorneys for Defendants Centennial Surety Associates, Inc. and Michael Schendel*

**Michael W. Siri**
siri@bowie-jensen.com

Bowie & Jensen, LLC
210 West Pennsylvania Avenue
Suite 400
Towson, MD 21204
(410) 583-2400

*Attorney for Defendants Vijay Narula, Ajay Madan, and Centennial Surety Associates, Inc.*

**Thomas A. Coulter**
tcoulter@ohaganmeyer.com

O'Hagan Meyer, PLLC
411 East Franklin Street
Suite 500
Richmond, VA 23219
(804) 916-7103

**Brian W. Stolarz**
brian.stolarz@leclairryan.com

LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA 22314
(703) 647-5946

*Attorneys for Defendants Vijay Narula, Ajay Madan, and Optimal Solutions and Technologies, Inc.*

**Paul Warren Mengel, III**
pmengel@pilieromazza.com

Pilieromazza, PLLC
888 17th Street, NW
11th Floor
Washington, DC 20006
(202) 857-1000

*Attorney for Defendants Centurion Solutions Group LLC, Amar Gogia, and Vanessa Keasler*

**Kerry Brainard Verdi**
kverdi@verdiogletree.com

Verdi & Ogletree, PLLC
1325 G Street, NW
Suite 500
Washington, DC 20005
(202) 449-7703

*Attorney for Defendant Melvin G. Goodweather*

**Neil Parekh**
8321 Old Courthouse Rd
Suite 260
Vienna, VA 22182

**Shobha Metha**
101 Hospital Center Blvd.
Stafford, VA 22554

**Citibuilders Solutions Group, LLC**
1111 19th Street North
Suite 2001
Arlington, VA 22209

/s/ Michael D. Kohn
Michael D. Kohn, DC BAR #425617

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984

*Attorney for Plaintiff-Relator*

# EXHIBIT 2

**Subject:** Fw: Scollick Discovery Requests and Responses in U.S. ex rel. Scollick v. Narula, et al., Case No. 14-cv-1339-RCL

**Date:** Wednesday, January 30, 2019 at 2:31:41 PM Eastern Standard Time

**From:** Michael Kohn

**To:** neilparekh77@gmail.com

**CC:** Todd Yoder

**Attachments:** Scollick First Interrogatories and Production Requests for Other Defendants.pdf, Scollick First Interrogatories and Production Requests for Bonding Defendants.pdf, Scollick Repsonse to Madan First Interrogatories.pdf, Scollick Repsonse to Madan First Requests for Production of Documents.pdf, Scollick Repsonse to Narula First Interrogatories.pdf, Scollick Repsonse to Narula First Requests for Production of Documents.pdf, Scollick Repsonse to OST First Interrogatories.pdf, Scollick Repsonse to OST First Requests for Production of Documents.pdf, Scollick Repsonse to Hanover First Interrogatories.pdf, Scollick Repsonse to Hanover First Requests for Production of Documents.pdf

Mr. Parekh,

Attached please find Plaintiff-Relator Andrew Scollick's First Set of Interrogatories and First Requests for Production of Documents to Each of the Defendants for *U.S. ex rel. Scollick v. Vijay Narula, et al.*, Case No. 14-CV-1339-RCL in which you are a named Defendant.  Under Federal Rules of Civil Procedure 33 and 34, you are required to respond to these interrogatories and requests within 30 days.

Additionally, please find attached copies of all other discovery requests and responses from Plaintiff-Relator Scollick in this case.

These documents were sent by U.S. Priority Mail to you at 8321 Old Courthouse Road, Suite 260, Vienna, VA 22182 on January 22, 2019 but were returned as undeliverable.  Please note that since this is the address of record on file with the Clerk but is no longer viable, you are required by Local Rule 5.1(c) for the United States District Court for the District of Columbia to file a change of address within 14 days of any change.

During our call today you advised that your new address is 1615 North Queen Street, Arlington, VA  22209.  We henceforth use this address in the future unless you advise otherwise.  Finally, a DVD containing all documents being produced by Plaintiff-Relator is available for you to pick up at the law office of Kohn, Kohn, & Colapinto, LLP at 3233 P Street, NW, Washington, DC, 20007.

Respectfully yours,

Michael Kohn
Kohn, Kohn & Colapinto, LLP
3233 P Street NW Washington, DC 20007
Tel:  (202) 342-6980
Fax: (202) 342-6984

Important Notice: This e-mail transmission and any attachment(s) is intended only for the personal and confidential use of the intended recipient(s). This e-mail (including any and all attachments) contains strictly confidential attorney-client communications and/or attorney work product and is legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the

information contained herein (including any and all attachments) is Strictly Prohibited. If you have received this communication in error, please notify us by telephone, at 202-342-6980, or by return e-mail, immediately. Also, to ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. Thank you.

# EXHIBIT 3



March 8, 2019

**Via Email**

Neil Parekh
1615 North Queen Street
Arlington, VA 22209

Re:     **Plaintiff-Relator Andrew Scollick's First Set of Interrogatories and Requests for
Production of Documents in** *U.S. ex rel. Scollick v. Narula, et al.*, **1:14-cv-1339
(D.D.C.)**

Dear Mr. Parekh:

This letter is to notify you of your failure to timely respond to Plaintiff-Realtor Andrew
Scollick's First Set of Interrogatories and Requests for Production of Documents.  We attempted
to mail these requests to your court-registered address of 8321 Old Courthouse Road, Suite 260,
Vienna, VA 22182 on January 22, 2019 but they were returned as undeliverable.  Subsequently,
these documents were emailed to you by Michael Kohn, counsel to Plaintiff-Relator Andrew
Scollick, on January 30, 2019.

Under Federal Rules of Civil Procedure 33 and 34, you were required to respond to these
interrogatories and document production requests within 30 days of their service which was
completed upon their mailing to your court-registered address.  Your responses were therefore
timely due on February 25, 2019.

This letter is written pursuant to Federal Rule of Civil Procedure 37(a)(1) and represents
Plaintiff-Relator's "good faith" attempt to "confer with the person or party failing to make
disclosure or discovery in an effort to obtain it without court action."  However, if we have not
received your responses to Plaintiff-Relator's First Set of Interrogatories and Requests for
Production of Documents by Friday, March 15, 2019, we will be forced to file a motion under
Federal Rule of Civil Procedure 37(a)(3)(B) for the Court to compel your compliance with your
discovery obligations.

Please let me know if you have any questions or if you would like to further discuss these issues.

Sincerely,

Todd Yoder
Michael D. Kohn
Attorneys for Andrew Scollick



March 8, 2019

Shobha Metha, MD
101 Hospital Center Blvd.
Stafford, VA 22554

**Re:    Plaintiff-Relator Andrew Scollick's First Set of Interrogatories and Requests for
Production of Documents in *U.S. ex rel. Scollick v. Narula, et al.*, 1:14-cv-1339
(D.D.C.)**

Dear Dr. Metha:

This letter is to notify you of your failure to timely respond to Plaintiff-Realtor Andrew
Scollick's First Set of Interrogatories and Requests for Production of Documents.  These
documents were mailed to the above-listed address on January 22, 2019.

Under Federal Rules of Civil Procedure 33 and 34, you were required to respond to these
interrogatories and document production requests within 30 days of their service which was
completed upon their mailing.  Your responses were therefore timely due on February 25, 2019.

This letter is written pursuant to Federal Rule of Civil Procedure 37(a)(1) and represents
Plaintiff-Relator's "good faith" attempt to "confer with the person or party failing to make
disclosure or discovery in an effort to obtain it without court action."  However, if we have not
received your responses to Plaintiff-Relator's First Set of Interrogatories and Requests for
Production of Documents by Friday, March 15, 2019, we will be forced to file a motion under
Federal Rule of Civil Procedure 37(a)(3)(B) for the Court to compel your compliance with your
discovery obligations.

Please let me know if you have any questions or if you would like to further discuss these issues.

Sincerely,

Todd Yoder
Michael D. Kohn
Attorneys for Andrew Scollick

# EXHIBIT 4

**Subject:** Re: Scollick v. Narula, et al. Discovery Responses
**Date:**    Monday, March 18, 2019 at 9:07:24 AM Eastern Daylight Time
**From:**   Todd Yoder
**To:**      neil parekh
**CC:**      Michael Kohn

Mr. Parekh,

Thank you for your response, however since the close of discovery is fast approaching Plaintiff-Relator is unable to unable to agree to your request for a two week extension to respond to his First Set of Interrogatories and Requests for Production of Documents.  We are currently in the process of drafting a Motion to Compel your discovery and it will soon be filed with the Court if your responses are not provided to us immediately.

Sincerely,

Todd Yoder

---

**From:** neil parekh <neilparekh77@gmail.com>
**Date:** Monday, March 18, 2019 at 2:01 AM
**To:** Todd Yoder <ty@kkc.com>
**Cc:** Michael Kohn <mk@kkc.com>
**Subject:** Re: Scollick v. Narula, et al. Discovery Responses

Hi Todd,

Please see response letter regarding an extension for time

From:

Neil Parekh
1615 North Queen St, m306
Arlington, VA 22209

To:

Kohn, Kohn, Colapinto
3233 P Street, N.W.
Washington, DC 20007

Re: Plaintiff-Relator Andrew Scollick's First Set of Interrogatories and Requests for Production of Documents in U.S. ex rel. Scollick v. Narula, et al., 1:14-cv-1339 (D.D.C.)

Dear Mr. Yoder,

I have been dealing with some personnel issues over the past few weeks and have not had the time to answer Plaintiff-Realtor Andrew Scollick's First Set of Interrogatories and Requests for Production of Documents.  I would like to request a two week extension.


Sincerely,

Neil Parekh

Recipient Name
Date
Page 2

Sincerely,

From:
Neil Parekh

# EXHIBIT 5

**Subject:**     RE: Service in Scollick v. Narula, et al.
**Date:**        Thursday, March 21, 2019 at 11:32:22 AM Eastern Daylight Time
**From:**        Valdez, Darrell (USADC)
**To:**          neil parekh, Michael Kohn
**CC:**          Todd Yoder
**Attachments:** Entry of Appearance - Valdez.pdf

Mr. Parekh;

Thank you for the updated address.

I am attaching my Entry of Appearance in this matter.  As the attorney for the United States, all discovery
requests, discovery responses, and any other matter that is not filed on the Court's ECF system should be sent
to me.  To make it easier for everyone, I am fine if the material is sent by email to the email address below.

Darrell C. Valdez
Assistant United States Attorney
(202)252-2507
Darrell.Valdez@usdoj.gov

**From:** neil parekh <neilparekh77@gmail.com>
**Sent:** Monday, March 18, 2019 10:01 PM
**To:** Michael Kohn <mk@kkc.com>
**Cc:** Todd Yoder <ty@kkc.com>; Valdez, Darrell (USADC) <DValdez@usa.doj.gov>
**Subject:** Re: Service in Scollick v. Narula, et al.

correct addresses are as follows:

Neil Parekh
1615 North Queen Street, m306
Arlington, VA 22209

Dr. Shoba Mehta
8618 Cushman Place
Alexandria, VA 22308

On Mon, Mar 18, 2019 at 4:28 PM Michael Kohn <mk@kkc.com> wrote:

> Darrell, we also have an email address for Parekh but not for Mehta.  Parekh's email address is:
>
> neilparekh77@gmail.com

**From:** Todd Yoder
**Sent:** Monday, March 18, 2019 3:43 PM
**To:** Darrell Valdez
**Cc:** Michael Kohn
**Subject:** Service in Scollick v. Narula, et al.

Darrell,


After he saw your notice of appearance entered today, Michael Kohn asked me to reach out quickly to make sure you were aware that three of the parties, 1) Neil Parekh, 2) Dr. Shobha Mehta and 3) Citibuilders Solutions Group LLC, in the Scollick case are not registered in the ECF system had have to be served by mail.  However, none of the addresses on file with the court for these three Defendants are current and all mail sent to those addresses is returned.  We have tracked down what we believe to be Parekh and Mehta's current addresses as:


Neil Parekh

1615 North Queen Street

Arlington, VA 22209


Dr. Shoba Mehta

101 Hospital Center Blvd.

Stafford, VA 22554


Sincerely,


Todd Yoder

--

**Todd Yoder | Associate**

Kohn, Kohn & Colapinto, LLP

3233 P Street NW Washington, DC 20007

Tel:  (202) 342-6980

Fax: (202) 342-6984

E-mail: ty@kkc.com

**Website** |**Blog** | **Linkedin**| **Twitter** | **Facebook**


Important Notice: This e-mail transmission and any attachment(s) is intended only for the personal and confidential use of the intended recipient(s). This e-mail (including any and all attachments) contains strictly confidential attorney-client communications and/or attorney work product and is legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the information contained herein (including any and all attachments) is Strictly Prohibited. If you have received this communication in error, please notify us by telephone, at 202-342-6980, or by return e-mail, immediately. Also, to ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. Thank you.