UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ANDREW SCOLLICK, <br><br> Plaintiff-Relator, <br><br> vs. <br><br> VIJAY NARULA, *et al.,* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. Action No. 14-CV-01339-RCL |

### PLAINTIFF-RELATOR'S MOTION FOR SANCTIONS AND TO COMPEL DEFENDANT NEIL PAREKH'S APPEARANCE FOR DEPOSITION AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff-Relator Andrew Scollick, by and through counsel, hereby submits this Motion respectfully requesting that this Court, pursuant to Federal Rule of Civil Procedure 37, enter sanctions against Defendant Neil Parekh (*pro se*) for failing to appear for his noticed deposition on May 29, 2019 and compel Defendant Parekh to appear for his deposition. Prior to filing this motion, Plaintiff-Relator's counsel has repeatedly attempted to resolve this discovery dispute with Mr. Parekh, but such attempts have proved fruitless. *See* Fed. R. Civ. P. 37(a)(1) Certification of Counsel, submitted herein.

In support of this Motion, Plaintiff-Relator refers the Court to the Statement of Points and Authorities provided herein. Plaintiff-Relator's supporting exhibits are submitted herewith and include copies of Plaintiff-Relator's Notices of Deposition and copies of the correspondence between Plaintiff-Relator's counsel and Mr. Parekh. A proposed order is also submitted herewith.

## RULE 37(a)(1) CERTIFICATION OF COUNSEL

I hereby certify that prior to filing this Motion to Compel discovery I attempted to confer in good faith to resolve this discovery dispute.  Counsel for Plaintiff-Relator, including myself and others in my office, have been in contact with Mr. Parekh throughout the discovery period in this case.  Plaintiff-Relator's counsel have repeatedly instructed Mr. Parekh that he is required to appear for his noticed deposition in this case and have repeatedly shifted the date of his deposition in a good-faith effort to accommodate his schedule.  Despite these efforts, Mr. Parekh has proven to be generally unresponsiveness, has continuously employed dilatory tactics, and has failed to appear for his properly noticed deposition. The Statement of Points and Authorities and supporting exhibits submitted herewith fully illustrate all efforts that Plaintiff-Relator's counsel have made to confer and accommodate Defendant Parekh regarding the issues relevant to this motion.

By:     /s/ *Michael D. Kohn*
         Michael D. Kohn

## STATEMENT OF POINTS AND AUTHORITIES

Plaintiff-Relator Andrew Scollick, by and through counsel, hereby submits his statement of points and authorities in support of his motion, pursuant to Federal Rule of Civil Procedure ("FRCP") 37, for sanctions against Defendant Neil Parekh (*pro se*) for failing to appear for his noticed deposition on May 29, 2019 and to compel Defendant Parekh to appear for his deposition.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff-Relator has alleged in his Amended Complaint [Dkt. #169] that the defendants in this action committed multiple violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as the result of a scheme to fraudulently obtain service-disabled veteran-owned small business

("SDVOSB") and Section 8(a), set-aside government construction contracts. Amended Complaint at ¶¶ 209-54. Specifically, Plaintiff-Relator has alleged that, through the fraudulent activities of the Defendants, contracts were awarded under various government set-aside programs to three companies, Centurion Solutions Group, LLC ("CSG"), Citibuilders Solutions Group, LLC ("Citibuilders"), and KGCI, Inc. ("KGCI"), knowing that these companies did not meet the requirements for obtaining such set-aside contracts. *Id.* The Amended Complaint alleges that Mr. Parekh played a vital role in all three companies, including controlling the operations of CSG and Citibuilders. *Id.* at ¶¶ 11, 15, 33-88, 141-62. The Amended Complaint also alleges that Mr. Parekh was deeply involved in the fraudulent activity and is responsible for the inclusion of fraudulent descriptions of prior construction work falsely claimed to have been completed by CSG and Citibuilders on bid proposals Mr. Parekh submitted to the Government on behalf of those companies. *Id.* at ¶¶ 18, 93-111.

Mr. Parekh is currently proceeding *pro se* after the withdrawal of his attorney on July 6, 2018 [Dkt. #216]. Thereafter, communication with Mr. Parekh has proven to be remarkably difficult as the addresses on record for Mr. Parekh was, and still is, incorrect and his responses to e-mail and other communication attempts are sporadic at best and often delayed for extended periods.[1] *See, e.g.*, Parekh Undeliverable [ECF #243]. Further, a Motion to Compel [Dkt. #262] previously filed by Plaintiff-Relator is currently pending before this Court requesting the Mr. Parekh be ordered to properly respond to Plaintiff-Relator's written discovery requests pursuant to FRCP 33 and 34. At the time of that filing, Mr. Parekh had not responded to either Plaintiff-Relator's interrogatories or requests for production of documents. Mr. Parekh has since provided

---

[1] Mr. Parekh is keenly aware of the deposition scheduling difficulty resulting from the number of parties and counsel involved. An account of these difficulties is outlined in the previous motions seeking to modify the scheduling order [Dkt. #260 & 267], both of which were granted by this Court [Dkt. #265 & 271].

Plaintiff-Relator with responses to interrogatories which only contain copied boilerplate objections in response to each interrogatory and no actually substantive responses. *See* Parekh Interrogatory Objections, attached hereto as Exhibit 1. Plaintiff-Relator's counsel advised Mr. Parekh that these responses are wholly insufficient and requested proper responses from Mr. Parekh. *See* April 16, 2019 Letter, attached hereto as Exhibit 2. However, Mr. Parekh failed to respond to this request and has yet to produce a single document responsive to Plaintiff-Relator's requests for production of documents.[2]

On March 20, 2019, Plaintiff-Relator first provided reasonable written notice, as required by FRCP 30(b), to Mr. Parekh and all other parties of Plaintiff-Relator's intention to depose Mr. Parekh on April 17, 2019. *See* March 20, 2019 Notice of Deposition, attached hereto as Exhibit 3. Mr. Parekh did not contact Plaintiff-Relator's counsel to seek to alter that date, leading Plaintiff-Relator's counsel to transmit a letter via e-mail to Mr. Parekh on April 9 along with a copy of the previously mailed Notice of Deposition, as a reminder that he was required to appear for his deposition on April 17. *See* April 9, 2019 E-mail and Letter, attached hereto as Exhibit 4. Only then did Mr. Parekh inform Plaintiff-Relator's counsel that he was unwilling to appear as noticed because he would "be out of town for work related meetings and also job interviews next week. The following week is also not good as I have to travel out of the country to visit a very sick relative." *See* April 9-13, 2019 E-mail Chain at 1, attached hereto as Exhibit 5. Mr. Parekh also stated that he "should be available after April 30th." *Id.* In response, Plaintiff-Relator's counsel attempted to accommodate Mr. Parekh's schedule by agreeing to "reschedule and renotice [his] deposition for a date after April 30th." *Id.*

---

[2] Mr. Parekh's written responses to Plaintiff-Relator's written discovery requests are so plainly deficient that they do not moot the relief sought by Plaintiff-Relator in his pending Motion to Compel [Dkt. #262].

On April 19, Plaintiff-Relator's counsel sought to reschedule Mr. Parekh's deposition by asking if he would be available on May 24, or if not, to provide a different date during the week of May 20 which would be suitable. *See* April 9-26, 2019 E-mail Chain at 1, attached hereto as Exhibit 6. Mr. Parekh did not respond to this inquiry and on April 24 Plaintiff-Relator's counsel followed up with another e-mail seeking a response. *Id.* Mr. Parekh still failed to respond and thereafter, on April 26, after scheduling another deposition in this case for May 24, Plaintiff-Relator's counsel asked Mr. Parekh to either agree to appear on May 20 or to "immediately inform us of a conflict and provide us with an alternate date." *Id.* Failing to hear from Mr. Parekh for nearly a week and in an effort to accommodate other defense counsel, Plaintiff-Relator's counsel informed Mr. Parekh his deposition would be noticed for May 10, 2019. *See* April 30, 2019 Emails at 1, attached hereto as Exhibit 7. Plaintiff-Relator's counsel thereupon served on Mr. Parekh an updated Notice of Deposition by both mail and e-mail on April 30, 2019. *Id.*; April 30, 2019 Notice of Deposition, attached hereto as Exhibit 8.

It was not until May 1 that Mr. Parekh informed Plaintiff-Relator's counsel that he was not available for the newly noticed date for his deposition, and for the first time, eleven days after he was initially asked by Plaintiff-Relator's counsel, stated he would make himself available on May 24. *See* May 1-17, 2019 E-mail Chain at 4, attached hereto as Exhibit 9. Plaintiff-Relator's counsel immediately responded to this e-mail explaining to Mr. Parekh that his unresponsiveness necessitated the scheduling of another deposition in the case for May 24. *Id.* at 3. On May 3, 2019, Plaintiff-Relator's counsel again attempted to accommodate Mr. Parekh by allowing him to sit for his deposition during the week of May 28, so long as he consented to having his deposition fall outside the discovery period. *Id.* Mr. Parekh responded by stating, "[a]ppreciate your consideration. May 28th works best for me. I am 100% not available May 31st." *Id.* at 2. Plaintiff-Relator's counsel replied by asking if Mr. Parekh could

make May 29 work, to which Mr. Parekh stated, late on May 7, that "Yes, I can." *Id.* On the next day, May 8, Plaintiff-Relator's counsel then asked Mr. Parekh to "[p]lease hold May 29th open for your deposition." *Id.* at 1.

On May 14, Plaintiff-Relator's counsel informed Mr. Parekh that a deposition schedule had been finalized amongst all parties and that his deposition would, as agreed upon in advance by Mr. Parekh, take place on May 29. *Id.* Plaintiff-Relator's counsel further requested Mr. Parekh's consent to a motion to modify the scheduling order in this case. *Id.* Mr. Parekh responded to this e-mail on May 17, consenting to the motion but not objecting to the previously agreed upon date of May 29 for his deposition or making any mention of any scheduling conflict. *Id.* In accordance with the local rules, an updated written notice was timely served on Mr. Parekh by mail and e-mail on May 21, 2019. *See* May 21, 2019 E-mail, attached hereto as Exhibit 10; May 21, 2019 Notice of Deposition, attached hereto as Exhibit 11; D.D.C. LCvR 30.1.

After the close of business on May 23, two business days before his deposition was scheduled to commence, Mr. Parekh e-mailed Plaintiff-Relator's counsel asserting that he "made plans on May 12th to be out of town and can no longer make that date as I will be out of town. I will try to reshuffle my schedule and let you know tomorrow if I am available to make the 29th date." *See* May 23-24, 2019 E-Mails at 1, attached hereto as Exhibit 12. Plaintiff-Relator's counsel responded via e-mail and mail informing Mr. Parekh that the delayed notice and reasoning Mr. Parekh provided for intending to miss his scheduled deposition, on a date he previously agreed to, was wholly insufficient, and that the deposition would commence as scheduled. *Id.*; May 24, 2019 Letter, attached hereto as Exhibit 13. Plaintiff-Relator's counsel further informed Mr. Parekh of the obligations the FRCP placed upon him and that his failure to

appear at the scheduled deposition could lead to him being sanctioned under FRCP 37(d).  *See* May 24, 2019 Letter, Ex. 13.  Mr. Parekh did not respond to this letter.

On May 28, the date prior to Mr. Parekh's scheduled deposition, Plaintiff-Relator's counsel sent Mr. Parekh an e-mail reminding him of the date and time of his deposition and asked him to "please inform us immediately" if he intended to appear.  *See* May 28, 2019 E-mails at 1, attached hereto as Exhibit 14.  Mr. Parekh responded that afternoon by simply stating "I will not be able to attend.  Please could you reschedule."  *Id.*  That same evening Mr. Parekh e-mailed all counsel of record and contradicted all of his previously given excuses for failing to appear and, claimed for the first time that he would not appear because of "a threating [*sic*] incident on April 8th, 2019" allegedly involving Mr. Scollick and claimed that this incident resulted in "anxiety and mental strain" such that he was "not in a proper [mental] state to attend the deposition set for this Wednesday."  *See* May 28, 2019 Parekh E-mail, attached hereto as Exhibit 15; May 28, 2019 Parekh Letter, attached hereto as Exhibit 16.[3]  Bizarrely, in the email transmitting his May 28 letter, Mr. Parekh demanded to "depose Mr. Scollick."  May 28, 2019 Parekh E-mail, Ex. 15.  It is difficult to comprehend how Mr. Parekh's state of mind could be such that he was incapable of appearing for deposition (not at Plaintiff-Relator's law offices, but at the law offices of counsel to the OST defendants) where a half dozen lawyers and an Assistant United States Attorney would be present, and at the same time be able to demand that, while acting on his own behalf, he directly depose Mr. Scollick.[4]  Plaintiff-Relator's counsel responded

---

[3] Plaintiff-Relator is certain that the factual assertions raised in the letter are false.

[4] Parekh previously engaged in an impermissible *ex parte* communication with the Court as a means of documenting his alleged concern [Dkt. #269; #269-1].  Plaintiff-Relator has first-hand knowledge that the alleged assertions set forth in that improper communication are false.  In fact, Mr. Scollick was deposed on April 11 and 12 regarding any interactions he had with Mr. Parekh subsequent to the filing of this action and his testimony refutes the assertions Mr. Parekh only now claims to have occurred.  Mr. Parekh was notified of the commencement of Mr. Scollick's deposition but failed to appear and take the opportunity to question Mr. Scollick.

via e-mail and letter early the next day, May 29, and, among other things, denied Mr. Parekh's request to reschedule the deposition and advised Mr. Parekh that his letter contained false assertions regarding the purported incident with Mr. Scollick. *See* May 29, 2019 E-mail, attached hereto as Exhibit 17. Mr. Parekh did not respond.

Plaintiff-Relator's counsel, and counsel for all other represented parties in this case, and a United States Attorney, Darrell Valdez, appeared for Mr. Parekh's properly noticed May 29, 2019 deposition. *See* Parekh Deposition Transcript, attached hereto as Exhibit 18. When Mr. Parekh failed to appear, Plaintiff-Relator's counsel entered into the deposition record the non-appearance of the witness and suspended the deposition. *Id.* Twenty-one days later, Mr. Parekh asked for available dates to reschedule his deposition. *See* June 19, 2019 Emails at 1-2, attached hereto as Exhibit 19. Plaintiff-Relator's counsel replied advising that it was not feasible to conduct the deposition before the current scheduled close of discovery and advised Mr. Parekh that Plaintiff-Relator would file a motion with the Court seeking appropriate redress. *Id.* at 1.

## ARGUMENT

### I. LEGAL STANDARDS

It is well-established that "[t]rial courts have broad discretion to handle discovery matters," including the ability to compel parties to attend properly noticed depositions. *Porter v. Sebelius*, No. 1:11-cv-1546, 2014 WL 12768504, at *2 (D.D.C. Apr. 8, 2014) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Simms v. Ctr. For Corr. Health & Policy Studies*, 272 F.R.D. 36, 40 (D.D.C. 2011) (granting motion to compel deposition of plaintiff). As made clear by the Federal Rules of Civil Procedure, Plaintiff-Relator Scollick is entitled to "discovery regarding any nonprivileged matter that is relevant to [his] claim," with the term "relevant" being widely construed. Fed R. Civ. P. 26(b)(1); *Food Lion, Inc. v. United Food & Comm. Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997). While courts will generally allow some

allowances for *pro se* defendants such as Mr. Parekh, his "*pro se* status does not excuse [his] failure to make a good faith effort to meet [his] discovery obligations." *Shvartser v. Lekser*, 321 F.R.D. 23, 24 (D.D.C. 2017).

Further, FRCP 37 states that "[t]he court where the action is pending may, on motion, order sanctions if a party . . . fails, after being served with proper notice to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).  In addition to the other sanctions which a court may impost under FRCP 37(d), "[t]he payment of reasonable expenses is a mandatory sanction under 37(d) if a party fails to appear at a deposition, has no substantial justification for the failure, and where no other circumstances make the award of expenses unjust." *S.E.C. v. Hiestand*, No. Civ.A. 94-2633 RCL, 1997 WL 459853, at *3 (D.D.C. July 31, 1997).  The burden of showing a substantial justification for the failure to attend a deposition falls on the non-moving party. *Id.* (citing *Telluride Mgmt. Solutions v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995); *Neufeld v. Neufeld*, 169 F.R.D. 289, 290 (S.D.N.Y. 1996)).  While a *pro se* defendant may demand leniency regarding the imposition of the most severe sanctions available under FRCP 37, lesser sanctions such as the awarding of reasonable expenses and fees can be imposed even for failures caused by genuine, but mistaken, belief on the part of a *pro se* defendant. *Id.* at *5 (citing *United Artist Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979).

**II.     THE COURT SHOULD ORDER NEIL PAREKH TO APPEAR FOR DEPOSITION UPON RECEIPT OF NOTICE AS REQUIRED UNDER THE FRCP.**

As outlined throughout the entire Amended Complaint, Mr. Parekh serves as a critical lynchpin in the overall fraud scheme alleged by Plaintiff-Relator and obtaining his testimony through deposition is essential to Plaintiff-Relator's ability to properly litigate this case.  Mr. Parekh is alleged to have been involved in nearly every aspect of the scheme and is believed to be the only defendant who played a vital role in all three relevant entities, namely CSG,

Citibuilders, and KGCI, securing government set-aside contracts fraudulently. Amended Complaint at ¶¶ 11, 15, 33-88, 141-62, 199-208. He is alleged to have controlled both CSG and Citibuilders and, as such, is believed to have vital information and documents related to their formation, structure, and operations. *Id.* at ¶¶ 11, 15, 33-88, 141-62. Further, it is alleged that Parekh played a role in KGCI fraudulently obtaining both SDVOSB ad Section 8(a) set-aside contracts. *Id.* at ¶¶ 199-208. Any such information and knowledge he has related to CSG, Citibuilders, and KGCI, how they operated, who controlled them, and how they were able to obtain set-aside contracts would go directly to the heart of the issues relevant to Plaintiff-Relator's allegations.

Plaintiff-Relator's counsel appreciates the difficulties faced by *pro se* defendants in meeting all of their obligations during litigation and has attempted at all times and in good faith to accommodate such difficulties by dealing directly with Mr. Parekh regarding his obligations to both respond to written discovery requests and to appear for his deposition. However, to this point, Mr. Parekh has abused his *pro se* status by failing to provide his address, refusing to timely respond to communications, failing to provide any sufficient responses to Plaintiff-Relator's written interrogatories, failing to produce a single document responsive to Plaintiff-Relator's document requests, and finally, by failing to appear for his deposition on the date he agreed to after Plaintiff-Relator repeatedly rescheduled to accommodate him. *See* Ex. 5; Ex. 9; Ex. 18. While Plaintiff-Relator already has a pending motion to compel Mr. Parekh's discovery responses in front of this Court, he now believes that he must also seek the Court's intervention to ensure that Mr. Parekh appears for a properly noticed deposition. Fed. R. Civ. P. 37(a). It is imperative to Plaintiff-Relator's case that he obtain discovery from Mr. Parekh, including his deposition testimony.

The pattern of unresponsiveness and dilatory tactics employed by Mr. Parekh during the

weeks leading up to his deposition are clear from the correspondence between Plaintiff-Relator's counsel and Mr. Parekh.  The noticed date for Mr. Parekh's deposition was changed twice, on his request, to accommodate his schedule before this latest date.  *See* Ex. 3; Ex. 5; Ex. 8; Ex. 9; Ex. 11; Ex. 18.  Throughout the scheduling process, Plaintiff-Relator attempted to stay in constant contact with Mr. Parekh to apprise him of scheduling changes for all depositions, as well as to ascertain the best possible times for his deposition to take place.  *See, e.g.*, Ex. 5; Ex. 6; Ex. 7; Ex. 9.  Despite this effort, Mr. Parekh continuously failed to respond to inquiries, and would be unresponsive for weeks at a time.  *See, e.g.*, Ex 6.

      Finally, on May 7, 2019, Mr. Parekh agreed to appear for his deposition on May 29 and was immediately asked by Plaintiff-Relator's counsel to hold that date open as Plaintiff-Relator's counsel intended to commence his deposition on that date.  Ex. 9.  Plaintiff-Relator's counsel then confirmed in writing to Mr. Parekh that his deposition would take place on the agreed upon date of May 29.  *Id.*  However, as admitted by Mr. Parekh himself, five days after he agreed that he would appear on May 29 for his deposition, he voluntarily and inexplicably made travel plans to be out of town on that date.[5]   Ex. 12.

      When Plaintiff-Relator's counsel informed Mr. Parekh on May 14 that his deposition was officially confirmed for May 29, Mr. Parekh was silent as to these purported travel plans and to his subsequent excuses.  In fact, Mr. Parekh e-mailed Plaintiff-Relator's counsel on May 17, five days after he had supposedly made his travel plans, regarding a separate matter but made no mention at all of the scheduling conflict.  Ex. 9.  Mr. Parekh remained silent regarding these travel plans until May 23, eleven days after he allegedly made the plans and just two working days before he was scheduled to appear for his deposition.  Ex. 12.  Mr. Parekh provided no reasoning or excuse as to why he did not inform Plaintiff-Relator of this conflict at an earlier

---

[5] Neither proof nor details of such travel plans was produced.

time. *Id.*

When Plaintiff-Relator, with good cause, informed Mr. Parekh immediately that he would be unable to accommodate this last second schedule shift, the third such requested by Mr. Parekh, and that the deposition would continue as noticed, Mr. Parekh again failed to respond. Ex. 12; Ex. 13. Only after Plaintiff-Relator's counsel yet again reached out to Mr. Parekh on the day before his deposition did he respond and reiterate that he would not appear. Ex. 14.

To complicate and confuse matters even further, Mr. Parekh sent a letter containing a contradictory and novel excuse for his failure to appear at his scheduled and properly noticed deposition the night before that deposition as set to take place. Ex. 15; Ex. 16. This letter claimed, for the first time, that the reason Mr. Parekh would not be appearing was that he was not in the proper state of mind due to an unverified and, as Plaintiff-Relator contends, completely fabricated, incident that supposedly occurred between Plaintiff-Relator and Mr. Parekh months earlier. Ex. 16. No mention was made in this eleventh-hour letter of any alleged travel plans Mr. Parekh had made or that Mr. Parekh would, in fact, be out of town on May 29. *Id.* This "state of mind" excuse is further minimized as the e-mail which transmitted the letter claiming Mr. Parekh was too fearful to be in the same room Plaintiff-Relator Scollick, demanded that the Mr. Parekh have the opportunity to sit across from Mr. Scollick and depose him. Ex. 15. It is next to impossible to make sense of Mr. Parekh's claim of being both too traumatized to appear for a deposition at the law offices of one of the defense counsel in this case, at which at least half a dozen lawyers and representatives of the United States government would be present, and in the same email transmitting his claim of alleged trauma, demand that Plaintiff-Relator be produced so that Mr. Parekh could question him directly.

At this stage, based on Mr. Parekh's continued delay tactics, shifting excuses, past

unresponsiveness, and failure to comply with any of his discovery obligations in this case,[6] Plaintiff-Relator's counsel is compelled to seeks the assistance of the court to compel Mr. Parekh to appear when properly served with a notice of his deposition.[7] *See Simms*, 272 F.R.D. at 40 (granting motion to compel deposition).

For the above stated reasons, Plaintiff-Relator respectfully requests that this Court order Mr. Parekh to appear at deposition upon receipt of timely notice served on him in compliance with the FRCP.

### III. THE COURT SHOULD IMPOSE SANCTIONS ON MR. PAREKH DUE TO HIS FAILURE TO APPEAR FOR HIS DEPOSITION ON MAY 29, 2019.

While this Court has the discretion to impose any of the sanctions listed under FRCP 37(b)(2)(A) against Mr. Parekh due to his failure to appear for his deposition on May 29, 2019, Plaintiff-Relator simply seeks the reasonable expenses and costs incurred as a result of Mr. Parekh's failure and any other relief this Court deems justified. Fed. R. Civ. P. 37 (d)(3); *see Hiestand*, 1997 WL 459853, at *4 (awarding "reasonable expenses, including attorneys' fees" that resulted from *pro se* "defendant's failure to appear at their deposition"). These expenses and costs are comprised, among other things, of the attorney fees for the hours spent by Plaintiff-Relator's counsel attending the deposition and the time necessary to draft and file this motion, as well as the costs associated with hiring the court reporter for the properly noticed deposition on May 29, 2019 to which Mr. Parekh failed to appear. If this Court grants the awarding of fees and

---

[6] Plaintiff-Relator's counsel has reason to believe that key documents, namely the actual bid proposals that were provided to the government are in his possession as no other defendant has been able to locate or produce them.

[7] Despite Mr. Parekh's last-minute attempt to "reschedule," Plaintiff-Relator has no faith that Mr. Parekh would appear for his deposition on any agreed upon date as he has continuously failed to do so previously. Ex. 19. The communication 21 days following his failure to appear is simply part of the pattern of delay and ultimate refusal to cooperate that has persisted from the outset. Plaintiff-Realtor believes that a court order is required in ensure that Mr. Parekh appears at the actual date and time noticed.

costs, Plaintiff-Realtor will submit a full accounting together with the required supporting documentation.

In sum, Mr. Parekh has provided no substantial justification for his failure to appear but rather has provided Plaintiff-Relator with a multitude of long periods of unresponsiveness, last-minute excuses, and ultimately contradictory reasons for his unwillingness to appear. Plaintiff-Relator has spent considerable time and effort attempting to accommodate Mr. Parekh in this litigation and Mr. Parekh has shown nothing but bad faith and has not met any of his discovery obligations. Not only does his lack of discovery harm Plaintiff-Relator's ability to litigate this case against Mr. Parekh, it also greatly impairs his ability to litigate against all other defendants. Plaintiff-Relator had hoped to conduct Mr. Parekh's deposition early in the discovery process and his unresponsiveness to Plaintiff-Relator's discovery requests has severely compromised Plaintiff-Relator's ability to fully craft and implement his discovery plan. Whom exactly Plaintiff-Relator may need to depose depended greatly on the testimony ultimately obtained from Mr. Parekh. This withholding of relevant and probative information and knowledge by Mr. Parekh, through his failure to timely appear for his deposition and lack of sufficient responses to written discovery requests, has substantially interfered with Plaintiff-Relator's ability to fully leverage the course of discovery he would have deployed against all parties in this case. While making good faith efforts to resolve this dispute and ensure that Mr. Parekh appear for his deposition, Plaintiff-Relator's counsel has repeatedly warned Mr. Parekh that he could face possible sanctions such as these if he failed to appear as required. Ex. 4; Ex. 13. With full knowledge of these potential consequences Mr. Parekh still chose not to appear. Accordingly, Plaintiff-Relator requests that all reasonable expenses and fees incurred by Plaintiff-Relator pertaining to Mr. Parekh's failure to attend and his properly noticed deposition be awarded. *See Hiestand*, 1997 WL 459853, at *4.

## CONCLUSION

For the foregoing reasons, Plaintiff-Relator's Motion to Compel Defendant Neil Parekh to appear for his deposition and for sanctions to be entered against Mr. Parekh for failing to appear for his previously noticed deposition on May 29, 2019 should be granted.

Respectfully submitted,

 /s/ Michael D. Kohn
Michael Kohn, DC BAR #425617
David K. Colapinto, DC BAR #416390
Todd Yoder, DC BAR # 1048520

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756
Phone: (202) 342-6980
Fax: (202) 342-6984
*Attorneys for Plaintiff-Relator*

June 25, 2019

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the Plaintiff-Relator's Motion for Sanctions and to Compel Defendant Neil Parekh's Appearance for Deposition, Statement of Points and Authorities, supporting exhibits, and Proposed Order were served on this 25th day of June 2019, upon all parties that have entered an appearance and counsel for the United States via the Court's ECF system, and by U.S. Mail, postage prepaid, upon the *pro se* parties listed below:

**Neil Parekh**
1615 North Queen Street
Unit 306
Arlington, VA 22209

**Dr. Shobha Mehta**
8618 Cushman Place
Alexandria, VA 22308

            /s/ Michael D. Kohn
            Michael D. Kohn, DC BAR #425617

            KOHN, KOHN & COLAPINTO, LLP
            3233 P Street, N.W.
            Washington, D.C. 20007-2756
            Phone: (202) 342-6980
            Fax: (202) 342-6984

            *Attorney for Plaintiff-Relator*