**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ANDREW SCOLLICK,<br><br>Plaintiff-Relator,<br><br>v.<br><br>VIJAY NARULA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:14-cv-01339 RCL
Hon. Royce C. Lamberth

**DEFENDANTS OPTIMAL SOLUTIONS AND TECHNOLOGIES, INC., VIJAY NARULA, AND
AJAY MADAN'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Defendants Optimal Solutions and Technologies, Inc. ("OST"), Vijay Narula, and Ajay

Madan (collectively, "the OST Defendants"), respectfully submit the following motion for leave

to file a sur-reply to the reply filed by Plaintiff-Relator regarding its Motion to Summarily

Enforce the Settlement Agreement Entered into by the Government and All Parties and for

Sanctions, ECF No. 526 ("Motion to Enforce Settlement Agreement"), and states the following

in support.

1.      Plaintiff-Relator filed its Motion to Enforce Settlement Agreement on April 11,

2025.  ECF No. 526.  The OST Defendants filed an opposition to the motion on April 25, 2025.

ECF No. 528.  In the opposition, the OST Defendants presented information about OST's

financial position and how this position impacted its ability to execute the settlement agreement.

The opposition included references to lost government contracts and other issues related to the

current Presidential administration that impacted OST's business.  The opposition also raised the

issue of commercial impracticability regarding the settlement agreement.

2.      Plaintiff-Relator filed a reply on May 2, 2025.  ECF No. 530.  In that reply,

Plaintiff-Relator filed three exhibits regarding OST's purported government contracts work,

including a chart from an internet site that Plaintiff-Relator alleged referenced $30.5 million in contract awards to OST in February 2025. Plaintiff-Relator's Reply in Support of Motion to Enforce Settlement Agreement, p. 5, Exhibit 1. Plaintiff-Relator then referenced a press release from OST regarding it being a vendor on a $2.4 billion indefinite delivery, indefinite quantity ("IDIQ") contract with the FAA. *Id.*, p. 5. Plaintiff-Relator also referenced two additional contracts, one with the District of Columbia, and one with the State of Texas. *Id.*, Exhibits 2-3. Plaintiff-Relator asserted that these public records demonstrate that "the OST Defendants maintained all of its government contracts during the seven month period" [the delay period referenced by the OST Defendants in the opposition in this case] and that "[n]one of this actual or potential contract revenue is disclosed or discussed by the OST Defendants." *Id.*, p. 5-6. Plaintiff-Relator also referenced a credit line OST may have from a 2021 motion for summary judgment that was based on a 2019 deposition in the case.

3.     The sur-reply will discuss these specific factual representations. The sur-reply will take the form of a declaration from defendant Vijay Narula that is provided as an exhibit to this motion. *See* Exhibit 1. The declaration avers to the initial statements made in the OST Defendants' opposition regarding OST's financial position, and also responds to the specific contracts referenced by Plaintiff-Relator. As one example, the $2.4 billion FAA contract is an IDIQ master contract that is task order-based, and OST has not received any task orders or money under that contract. *See* Exhibit 1, ¶ 12. The declaration also notes issues with its government contracts since the filing of the opposition. This kind of factual information is critical to the Court's review of the Motion to Enforce Settlement Agreement.

4.     The procedural history of this particular motion is unique and makes a sur-reply appropriate – the OST Defendants were in a different financial position in July 2024, but due to

changes noted in the opposition, they are now not able to make the payments noted in the Settlement Agreement.  This issue of commercial impracticability was raised for the first time by the OST Defendants in their opposition to the Motion to Enforce Settlement Agreement. Plaintiff-Relator rightfully challenged this argument in its reply, but in so doing, raised new facts regarding the issue that require a sur-reply for the Court to have the complete picture in this case

5.      A motion for leave to grant a sur-reply is committed to the sound discretion of the Court.  *Flynn v. Veazey Construction Corp.*, 310 F.Supp.2d 186, 189 (2004).  If there are arguments raised for the first time in a reply to an opposition, the Court can either ignore those arguments or provide an opportunity to file a sur-reply.  *Id*. (citing *Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C.Cir. 2003)); *see also Herbert v. Nat'l Acad. of Scis*., 974 F.2d 192, 195 (D.C.Cir. 1992) (stating that it would be "manifestly unfair" to consider arguments for the first time in a reply).

6.      The declaration provides important factual information for the Court to fully consider Plaintiff's Motion to Enforce Settlement Agreement and the new facts presented in its reply.  The OST Defendants are not seeking to provide a sur-reply to counter any of Plaintiff-Relator's legal arguments or rehash prior arguments made in their opposition, rather they are seeking Court approval to strictly and narrowly provide a response to facts that were raised in the reply for the first time regarding the commercial impracticability issue, specifically concerning the contracts referenced by Plaintiff and how the daily operational facts regarding those contracts are not as depicted by Plaintiff.  This limited request is appropriate given the unique facts and circumstances that brought Plaintiff-Relator's motion before the Court.

7.      Wherefore, based on the foregoing, the OST Defendants respectfully request that the Court grant leave to the OST Defendants to file a sur-reply in the form of the attached declaration to this motion.

Dated: May 9, 2025                                 Respectfully submitted,


                                                   /s/ *Brian W. Stolarz*
                                                   Thomas A. Coulter (D.C. Bar No. 436423)
                                                   Brian W. Stolarz (D.C. Bar No. 466160)
                                                   Norton Rose Fulbright US LLP
                                                   799 9th Street NW, Suite 1000
                                                   Washington, DC  20001-4501
                                                   Telephone:    (202) 662-4765
                                                   Fax:          (202) 662-4643
                                                   tom.coulter@nortonrosefulbright.com
                                                   brian.stolarz@nortonrosefulbright.com

                                                   *Counsel for Defendants OST, Inc., Vijay Narula and Ajay Madan*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2025, a true and correct copy of the foregoing was electronically served on all counsel of record through the Court's CM/ECF system.

/s/ *Brian W. Stolarz*

Brian W. Stolarz